UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| CLAUDE DAVID CONVISSER, *ET AL.*, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 3 :24-cv-00072 |
| ) | |
| EXXON MOBIL CORPORATION, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE EARLY DEPOSITIONS**

Plaintiff and petitioner Claude David Convisser and plaintiff POP Diesel Africa, Inc. (together "plaintiffs"), by counsel the first-named plaintiff, move this Court under Rule 30(a)(2) of the Federal Rules of Civil Procedure for leave to conduct early depositions, and in support, states as follows:

STATEMENT OF THE CASE

Having sued 25 identifiable defendants, 23 of whom are in Virginia, plaintiffs will seek defendants' consent to conduct more than 10 depositions in this case, and if there is no agreement, will move separately for leave to so do in the future.

Plaintiffs will serve a letter along with the summons and complaint addressed to counsel for all defendants asking to confer as soon as practicable as per Rule 26(f) to formulate a discovery plan. However, the sheer number of defendants may complicate or delay any agreement on a discovery plan, compelling plaintiffs to raise this motion at the outset, given potential time constraints.

An unusually high number of parties and witnesses in this case are quite elderly. While thank goodness none of them, or anyone else connected to this case, appears imminently to be on

1

death's door, statistically speaking, the most elderly among us are likely closer to their demise than the younger among us (the latter of which plaintiff and his counsel, both having reached the age of 62, do not count themselves).  Since plaintiffs' claims allege a conspiracy, each defendant, respondent and witness is familiar with a piece of a bigger puzzle whose piece may be indispensable to putting the whole puzzle together.

The following six people are parties and witnesses whom plaintiffs would like to depose in and around Charlottesville as soon as the parties have completed briefing on any dispositive motions under Rule 12.

A.   <u>Witnesses</u>

1.   Elbert Dale, age 93, was one of two witnesses in western Albemarle County who appeared to be ready to subscribe to plaintiff POP Diesel's Stock Undertaking but then changed his mind based on things other people said to him disparaging about plaintiff Claude David Convisser.

2.   Betty Wood, age 92, is a resident of defendant Linden House who has confided in plaintiff Claude David Convisser since 2022 about sub-standard living and care conditions there and about care pertaining to the respondents.

3.   Lois Sandy, age 83, is also a resident of Linden House who has information similar to Betty Wood, although a little different.

B.   <u>Respondents</u>

Respondent Martin Convisser, age 92, speaks for himself.  Respondent Colette Marie Convisser, age 94, will defer to him on any questions put to her, and therefore, plaintiffs have no intention of deposing her.

C.  Defendants

1.  Ray W. Hughes, age 88, is the other person along with witness Elbert Dale who seemed to be interested in investing in plaintiff POP Diesel. Then he became involved in defendants' scheme driven by a malign influence against plaintiffs' straight vegetable oil business.

2.  Emil Kutilak, age 89, is one of the triumvirate along with Ray W. Hughes among those defendants whom plaintiffs allege are diverting potential investors in plaintiff POP Diesel in Albemarle County away from it and towards newly manufactured companies designed to serve as decoys.

## LAW

Rule 30(a)(2) requires a party to seek leave of the Court to conduct a deposition before the time specified in Rule 26(d), which refers to the obligation of counsel to confer to develop a discovery plan under Rule 26(f) and to issuance of this Court's scheduling order under Rule 16(b), which order that Rule states can issue as long as 90 days after service on the defendant(s). (This is plaintiffs' counsel's first-ever case in this Court, and he apologizes if this Court's scheduling orders customarily issue sooner than that.).

It is important to preserve evidence that may no longer be available in 90 or 180 or 360 or 5,000 days, the sooner the more important the need for preservation.

## CONCLUSION

Wherefore, the premises considered, petitioner prays for grant of this motion and for such further relief as is just.

Respectfully submitted,

CLAUDE DAVID CONVISSER,
Plaintiff and petitioner,
representing himself

Claude David Convisser,
Attorney at Law
P.O. Box 7206
Charlottesville, Virginia 22906
5013 South Louise Ave., # 262
Sioux Falls, South Dakota 57108
Tel. 703-438-0071
cdc@popdiesel.com

Certificate of Service

I hereby certify that I will cause a copy of this motion to be served on every respondent and defendant together with each one's summons and the complaint.

_____
Claud David Convisser