CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CLAUDE DAVID CONVISSER and POP DIESEL AFRICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION ET AL., <br><br> Defendants. <br><br><br> CLAUDE DAVID CONVISSER, <br><br> Petitioner, <br><br> v. <br><br> COLETTE MARIE CONVISSER ET AL., <br><br> Respondents. | Civil Action No. 3:24-cv-00072 <br><br> **MEMORANDUM OPINION AND ORDER** <br> By: Hon. Jasmine H. Yoon <br>     United States District Judge |

Plaintiff and Petitioner Claude David Convisser ("Plaintiff"), acting *pro se*, filed an "Application for an Emergency Temporary Restraining Order" against Julie Michelle Convisser, Linden House, LLC, WIAL, LLC, Cambridge Healthcare Holdings, LLC, and James P. Cox, III ("TRO Defendants"). (Dkt. No. 31.) The Court construes Plaintiff's application as a motion for a temporary restraining order under Federal Rule of Civil Procedure 65(b) (hereinafter "TRO Motion"). For the following reasons, Plaintiff's TRO Motion will be denied without prejudice.

On September 9, 2024, Plaintiff filed a complaint against 30 Defendants alleging several causes of action. (Dkt. No. 1.) Count 5 of his Complaint petitions for legal guardianship of his elderly parents, Colette Marie Convisser and Martin Convisser, and to have a conservator appointed for their estate. (Compl. ¶¶ 398–442, *Id.*) Count 6 requests related injunctive relief. (*Id.* ¶¶ 443–48.)

On September 11, 2024, Plaintiff filed the TRO Motion alleging that his parents' health is in jeopardy due to inadequate care at their assisted living facility, Linden House. (Dkt. No. 31.) Plaintiff asks for temporary injunctive relief permitting him to move his parents to a different assisted living facility and compelling TRO Defendants to cooperate and assist with that move. (*Id.*) As of September 18, 2024, TRO Defendants have not yet been served with the Complaint or TRO Motion.

Federal Rule of Civil Procedure 65(b) authorizes courts, in limited circumstances, to issue a temporary restraining order without notice to adverse parties or their attorneys. Fed. R. Civ. P. 65(b)(1). That is, a party seeking a temporary restraining order under Rule 65(b) must satisfy two procedural requirements in addition to showing that the four preliminary injunction factors favor relief. *Id.*; *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). First, the movant must point to "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Second, the "movant's attorney [must] certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* These "stringent restrictions" on *ex parte* temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of

court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Plaintiff has satisfied neither of the procedural requirements. For purposes of reviewing the TRO Motion, the Court construed Plaintiff's signed declaration in support of the Motion as an "affidavit" pursuant to 28 U.S.C. § 1746. But the declaration does not articulate clearly what immediate and irreparable injury, loss, or damage will result to him if the Court were to deny his motion, especially before TRO Defendants have an opportunity to respond. Additionally, Plaintiff states that he is "making good faith efforts to give all of the defendants notice of his application" for a temporary restraining order, (Dkt. 31 at 10), but fails to explain why the Court should not require notice in this case. *See, e.g.*, *Heartland, Inc. v. U.S. Postal Serv.*, No. 3:08-cv-00021, 2008 WL 1711406, at *1 (W.D. Va. Apr. 11, 2008) (concluding that motion for Rule 65(b) temporary restraining order was deficient when movant "fail[ed] to offer any reason why notice should not be required").

As this Court has recognized, "[t]he requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Tchienkou v. Net Tr. Mortg.*, No. 3:10-cv-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010). Because Plaintiff has not complied with those requirements, his TRO Motion is **DENIED** without prejudice. Plaintiff's request for a hearing on the TRO Motion is **DENIED** without prejudice as moot.

**ENTERED** this 18th day of September, 2024.

- 4 -

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 4 -