IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
       DEPUTY CLERK

| | |
|---|---|
| Claude David Convisser )<br>)<br>and )<br>)<br>POP Diesel Africa, Inc., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Exxon Mobil Corporation *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:24-cv-00072 |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion for a stay of proceedings and status conference filed by Defendants Julie Convisser (individually and as Trustee of the Martin Convisser Trust), James P. Cox, III, Hunter Wyant, John J. Davidson, Linden House LLC, Wial LLC, Cambridge Healthcare Holdings, LLC, and Wende Duflon (collectively, "Movants"). (Dkt. 61 [hereinafter "Mot. to Stay"].) The court will construe part of the Movants' motion as requesting an extension of time to file responses to two motions filed by Plaintiffs. For the reasons outlined below, the court will grant the Movants' request for extension of time but deny their request for a broader stay and status conference.

### I. Background

On September 9, 2024, Plaintiffs Claude David Convisser and POP Diesel Africa, Inc.

filed a 175-page *pro se* complaint against 25 named Defendants and 6 unnamed Defendants. (Dkt. 1.) The complaint asserts six causes of action that fall into two categories. Counts I and II allege that Defendants engaged in a sweeping business conspiracy in violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act and Virginia state law. (*Id.* ¶¶ 327–54.) Plaintiffs ask for $100 billion in compensatory damages, trebled to $300 billion under the RICO Act. (*Id.* ¶¶ 353.) Counts III–VI allege state-law claims regarding power-of-attorney, guardianship, and conservatorship arrangements for Claude Convisser's elderly parents, Martin and Colette Marie Convisser, and request related injunctive relief. (*Id.* ¶¶ 355–448.)

Plaintiffs filed a motion for a temporary restraining order ("TRO motion") and a motion seeking leave to conduct early depositions on September 11, 2024. (Dkts. 31, 32.) This court denied the TRO motion without prejudice for failing to comply with Federal Rule of Civil Procedure 65(b). (Dkt. 35.) On September 19, Plaintiffs filed a renewed TRO motion and requested full briefing and a hearing on the motion. (Dkt. 37.)

On September 26, Movants filed their motion for a stay and status conference. They specifically ask the court to stay the deadlines for responding to Plaintiffs' two pending motions and any other proceedings while the court considers Defendants' motions to dismiss. (Mot. to Stay at 1.) Movants also ask the court to schedule a status conference with all parties and their counsel to set universal deadlines for Defendants and organize the litigation moving forward. (*Id.*)

On October 4 and October 8, several Defendants, including all eight Defendants who moved for a stay and status conference, filed motions to dismiss Plaintiffs' complaint for lack

of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted. (Dkts. 70, 72, 73, 77.) Several other Defendants received an extension of time and have until November 15, 2024, to file responsive pleadings. (Dkt. 76.) On October 11, Plaintiffs filed a response opposing Movants' motion for a stay and one of the motions to dismiss filed by Defendants. (Dkt. 85.)

## II.   Analysis

A federal court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To determine whether a stay is appropriate, the court should "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Id.* (quoting *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013)). Those factors include "the interests of judicial economy, the hardship and inequity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay." *Id.* (citation omitted).

While they have requested a "stay" of litigation deadlines, Movants primarily seek an extension of time. In particular, they ask the court to extend the deadlines to file responses to Plaintiffs' two pending motions beyond the date the court resolves Defendants' motions to dismiss. (*See* Mot. to Stay at 1–2.) The court finds good cause to grant that extension, as addressing the pending motions to dismiss first may streamline both discovery and the

resolution of Plaintiffs' motions without causing any undue delay in the proceedings.[1] *See* Fed. R. Civ. P. 6(b)(1). If the case proceeds beyond the motion-to-dismiss stage, the court will set a briefing schedule for Plaintiffs' pending motions.

To the extent Movants ask for a broader stay of proceedings, their request will be denied. Movants express concern that Plaintiffs will "continue to file" motions that will cause hardship to those required to respond. (Dkt. 62 at 2.) But that concern remains hypothetical, and until Plaintiffs file additional motions, the court cannot fully weigh the factors relevant to issuing a stay. If Plaintiffs do file additional motions before the court has an opportunity to resolve pending motions to dismiss, the court may consider extending briefing deadlines for such additional motions beyond the date Defendants' motions to dismiss are resolved.

Because the court will extend all pending deadlines unrelated to Defendants' motions to dismiss and responsive pleadings, a status conference is not necessary at this time.

### III.   Conclusion

Accordingly, Movants' motion for a stay and status conference (Dkt. 61) is hereby **GRANTED IN PART AND DENIED IN PART**. Movants' request for an extension of time to file responses to Plaintiffs' pending motions after resolution of Defendants' motions to dismiss is **GRANTED**. The court will set specific briefing deadlines for Plaintiffs' remaining motions after such time. Movants' request for a broader stay of proceedings and status conference is **DENIED**. The parties shall comply with the briefing schedule outlined in Western District of Virginia Civil Rule 11(c)(1) for all briefing on motions to dismiss filed

---

[1] Movants filed their motion within fourteen days of receiving service of Plaintiffs' two motions and thus before the deadline for filing a response. *See* Fed. R. Civ. P. 6(b)(1); W.D. Va. Civ. R. 11(c)(1). In granting the extension of time, the court expresses no view on the merits of the arguments raised in Defendants' motions to dismiss or in Plaintiffs' motions.

by Defendants.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record and parties proceeding *pro se*.

**ENTERED** this  11th  day of October, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE