CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

November 19, 2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Claude DavidConvisser ) | |
| ) | |
| and ) | |
| ) | |
| POP Diesel Africa, Inc., ) | Civil Action No. 3:24-cv-00072 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Exxon Mobil Corporation *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Claude David Convisser has recently filed a motion for leave to file a second amended complaint (Dkt. 117), numerous requests to further revise his proposed second amended complaint (Dkts. 119, 120, 122, 150, 151, 152), motions related to discovery and evidentiary exhibits (Dkts. 139, 141), and several subpoenas (Dkts. 135–38, 145–49.) Certain Defendants have responded by renewing their earlier request for a stay of all proceedings except for briefing and argument on Defendants' motions to dismiss (Dkt. 133). For the reasons outlined below, the court denies Defendants' renewed motion for a stay. This Memorandum Opinion and Order also clarifies certain unresolved questions related to Convisser's filings, the parties' briefing schedule for those motions, and initial discovery deadlines.

## I.    Background

Convisser, serving as counsel for himself and POP Diesel Africa, Inc., initiated this lawsuit on September 9, 2024.  (Compl. (Dkt. 1).)  He alleges several causes of action, which fall into two categories.  The first set of claims allege that Defendants engaged in a sweeping business conspiracy in violation of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act and Virginia state law.  (*Id.* ¶¶ 327–54.)  The second category consists of state-law claims regarding power-of-attorney, guardianship, and conservatorship arrangements for Claude Convisser's elderly parents, Martin and Colette Marie Convisser.  (*Id.* ¶¶ 355–448.)

On September 11, Convisser filed a motion for a temporary restraining order ("TRO motion") and a motion seeking leave to conduct early depositions.  (Dkts. 31, 32.)  The court denied the TRO motion without prejudice for failing to comply with Federal Rule of Civil Procedure 65(b).  (Dkt. 35.)  On September 19, Convisser filed a renewed TRO motion and requested full briefing and a hearing on the motion.  (Dkt. 37.)

On September 26, a group of Defendants moved to stay all deadlines and proceedings other than those related to Defendants' anticipated motions to dismiss.  (Dkt. 61.)  Shortly thereafter, several Defendants filed motions to dismiss.  (Dkts. 70, 72, 74, 77.)  On October 11, the court granted the motion for a stay in part and denied in part.  (Dkt. 86.)  The court extended the deadlines for responding to Convisser's two motions until after the court resolved Defendants' motions to dismiss.  (*Id.* at 4.)  It denied Defendants' request for a broader stay of proceedings, but it noted that it would consider similar extensions of briefing deadlines for any additional motions Convisser might file while Defendants' motions to

dismiss remain pending. (*Id.*)

Convisser filed an amended complaint on October 17, before the deadline for amending as a matter of course. (Dkt. 100); *see* Fed. R. Civ. P. 15(a)(1)(B). The amended complaint added numerous factual allegations, named several new Defendants, and removed some others. (*See* Dkt. 100.) Convisser then filed two "corrected" versions of his amended complaint on October 18. (Dkts. 101, 111.) On October 22, the court issued an oral order denying Defendants' motions to dismiss as moot in light of Convisser's amended complaint. (Dkt. 115.)

On October 24, Convisser moved for leave to file a second amended complaint. (Dkt. 117.) In the week that followed, he filed three additional "notices" that attempted to substitute new proposed amended complaints in place of the one he attached to his motion for leave. (Dkts. 119, 120, 122.) On November 7, certain Defendants filed two separate responses opposing Convisser's motion for leave to amend. (Dkts. 131, 132.)

On October 31, a total of ten Defendants filed motions to dismiss Convisser's amended complaint. (Dkts. 124, 126, 128.) Ten additional Defendants filed motions to dismiss on November 15, and one more moved to dismiss on November 18.[1] (Dkts. 158, 162, 164, 169.) The remaining named Defendants have moved for extensions of time to answer the amended complaint. (Dkts. 108, 116, 155, 161.) Those motions are currently pending before U.S. Magistrate Judge C. Kailani Memmer.

On November 11, Defendants filed a renewed motion for a stay, which again asks the

---

[1] Several of these Defendants had received extensions to respond to Convisser's original complaint. (*See* Dkts. 67, 76.) At the time Convisser filed his amended complaint, they had not filed a responsive pleading. Because these Defendants responded to the amended complaint by their extended deadline for responding to the original complaint, the court will treat their motions as timely filed.

- 3 -

court to stay all proceedings except briefing and argument on the motions to dismiss. (Dkt. 133.) The same day, Convisser filed two additional motions: (1) a motion for a protective order governing the pretrial filing and disclosure of POP Diesel Africa's investment prospectus (Dkt. 139), and (2) a motion in limine to recognize a learned treatise (Dkt. 141). Convisser informed the court that he does not seek a ruling on his motion in limine at this time. (*Id.* at 1.) On November 11 and 12, Convisser also filed copies of subpoenas he issued to several non-parties. (Dkts. 135–38, 145–49.)

Most recently, on November 13, Convisser filed a request to make further amendments to his proposed second amended complaint. (Dkts. 150, 151, 152.) The further amendments would add several defendants and new factual allegations, including allegations about additional events that occurred since he filed his motion for leave to amend. (Dkt. 152 at 3–4.) Convisser then filed the revised version of his proposed second amended complaint on November 17. (Dkt. 166-1.)[2]

## II.  Analysis

### A. Operative Version of Amended Complaint

The court first confirms that the amended complaint Convisser filed on October 17, 2024, (Dkt. 100) is currently the operative complaint. It was Convisser's first amendment to his complaint, and he filed it within 21 days of receiving service of Defendants' original

---

[2] In another filing, Convisser indicated that he is amassing and plans to submit evidence to support his opposition to the pending motions to dismiss. (*See* Dkt. 156 at 2–3.) Convisser need not submit any evidence contradicting the arguments in the motions to dismiss. With a couple limited exceptions, Defendants did not attach any materials outside the pleadings to support their motions to dismiss, so the court will not treat any of the motions to dismiss as a motion for summary judgment. *See, e.g., Carter v. Balt. Cnty., Md.*, 39 F. App'x 930, 933 (4th Cir. 2002).

motions to dismiss, so he was entitled to file the amendment as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1)(B).

After amending his complaint once as a matter of course, Convisser may make further amendments only with the court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  Thus, the two "corrected" versions of the amended complaint Convisser filed on October 18 (Dkts. 101, 111) did not automatically supersede the amended complaint.  Rather, Convisser could file them only with the court's leave.[3]  But the court need not address those filings, as Convisser later filed a formal motion for leave to amend and attached a proposed second amended complaint containing further revisions.

It appears that Convisser has not yet served four individuals named as Defendants in his amended complaint (Dkt. 100): Parth S. Tewari, Anandha Kumar Deekaram, Victor M. Glasberg, and James L. Bicksel.  Convisser is directed to serve those parties on or before the deadline established by Rule 4(m) and file proof of service with the court.

### B. Motion for Leave to File Second Amended Complaint

Convisser filed his formal motion for leave to amend—with a proposed second amended complaint attached—on October 24.  (Dkt. 117.)  He then filed three "notices" that attempt to substitute new versions of the second amended complaint for the one he attached to his motion for leave.  (Dkts. 119, 120, 122.)  And most recently, Convisser filed another motion requesting that the court allow him to substitute a "well-defined and final" version of

---

[3] The court reminds Convisser that "[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b).  Moving forward, the court may strike filings if they fail to conform to the Federal Rules.

- 5 -

his proposed second amended complaint.  (Dkt. 152 at 4.)  Convisser filed that version on November 17.  (Dkt. 166-1.)

The court will treat the version Convisser filed on November 17 (Dkt. 166-1) as his proposed second amended complaint for purposes of resolving his motion for leave to amend (Dkt. 117).[4]  If Defendants oppose the newest proposed amendment, they are directed to file a response within **14 days** of receiving service of that document.

Moving forward, the court will not accept any further revisions to Convisser's proposed second amended complaint before resolving the motion for leave to amend.  It will rely on Convisser's representation that his latest proposed second amended complaint is the "final" version.  (Dkt. 152 at 4.)  To date, Convisser's repeated revisions have caused little prejudice to Defendants—only two groups of Defendants filed responses to his October 24 motion for leave to amend, and requiring them to refile a response addressing Convisser's latest revisions will not impose any undue burden.  But the court must resolve the motion for leave to amend, and, at this point, allowing Convisser to continue submitting changes to his proposed second amended complaint would only delay briefing and a decision on that motion.

### C. Briefing and Discovery Deadlines

Per the court's October 11, 2024 memorandum opinion and order, Defendants do not need to file responses to Convisser's TRO motion or motion for leave to conduct early depositions until after the court resolves Defendants' motions to dismiss.  In that order, the court noted it "may consider extending briefing deadlines" for additional motions Convisser

---

[4] The court reminds the parties that the proposed second amended complaint is not operative—and the proposed new Defendants are not added as parties—unless the court grants Convisser leave to file it.

- 6 -

might file before the court resolves Defendants' motions to dismiss. (Dkt. 86 at 4.) The court finds good cause for extending the briefing deadlines for Convisser's motion for a protective order and motion in limine beyond the date Defendants' motions to dismiss are resolved. *See* Fed. R. Civ. P. 6(b) (stating that "the court may, for good cause, extend [a deadline] with or without motion if the court acts . . . before the original time or its extension expires.").[5]

In addition, the court finds good cause for delaying both the deadline for issuing a Rule 16(b) scheduling order and the deadline for the parties to hold a Rule 26(f) conference. *See* Fed. R. Civ. P. 16(b)(2); Fed. R. Civ. P. 26(f)(1). The court will issue a Rule 16(b) scheduling order, if necessary, after resolving Defendants' motion to dismiss. That order will set deadlines for briefing on Convisser's pending motions, the Rule 26(f) conference, and other discovery obligations.

**D. Defendants' Renewed Motion for a Stay**

Finally, the court will address the renewed motion for a stay filed by Defendants Julie Convisser (individually and as Trustee of the Martin Convisser Trust), James P. Cox, III, Hunter Wyant, John J. Davidson, Linden House LLC, Wial LLC, Cambridge Healthcare Holdings, LLC, and Wende Duflon. (Dkt. 133.) Those Defendants ask the court to stay all proceedings except for briefing and argument on the motions to dismiss. (*Id.* at 1.) They argue that Defendants should not "have to bear the additional costs of dealing with [Convisser's] multiple filings and discovery antics until such time as the Court rules on" the motions to dismiss, which they believe are likely to result in dismissal. (*Id.*)

---

[5] To the extent that these extensions delay decisions on Convisser's outstanding motions, the court notes that Convisser's repeated revisions to his motion for leave to amend have only contributed to that delay.

- 7 -

Defendants do not cite any authority suggesting that a stay of the remaining parts of a case is appropriate merely to expedite the resolution of motions to dismiss filed in the same case. The cases they cite involved requests to stay all proceedings in a case pending the outcome of another case or some external event. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019).

Convisser's repetitive filings understandably have created some confusion and delay in the proceedings. In a couple instances, his filings will require Defendants to file (or refile) motions or responsive briefs, which will result in some additional financial burden. But at this juncture, the court cannot conclude that declining the motion for a stay will create any undue burden or inequity for Defendants, especially given the extensions the court is granting for Defendants' responses. Importantly, this Memorandum Opinion and Order resolves several concerns Defendants raised by (1) clarifying the version of Convisser's proposed second amended complaint the court will consider, (2) extending the briefing deadlines for Convisser's other pending motions, and (3) extending the deadline for the Rule 26(f) conference.[6]

Accordingly, the court will deny Defendants' renewed motion for a stay. While it will not bar Convisser from filing other motions before Defendants' motions to dismiss are resolved, the court emphasizes that it likely will extend the briefing deadlines for any additional motions Convisser may file beyond the date it resolves the motions to dismiss.

## IV. Conclusion

For the reasons stated above, it is hereby **ORDERED** that:

---

[6] In their memorandum of law supporting their renewed motion for a stay, Defendants also raised objections to the subpoenas Convisser served on several non-parties. (Dkt. 134 at 3.) Defendants may file a motion to quash those subpoenas.

- The amended complaint Convisser filed on October 17, 2024 (Dkt. 100) is the operative version of the complaint.

- Convisser is directed to serve and file proof of service for the following parties named as Defendants in his amended complaint: Parth Tewari, Anandha Kumar Deekaram, Victor Glasberg, and James L. Bicksel.

- When resolving Convisser's motion for leave to amend, the court will assess the proposed second amended complaint Convisser filed on November 17, 2024 (Dkt. 166-1). It will not consider any further revisions to that proposed complaint. Defendants who wish to file a response to Convisser's updated motion for leave to amend shall file a response within **14 days** of receiving service of that document.

- The court finds good cause for delaying the issuance of a Rule 16(b) scheduling order until after the court resolves Defendants' motions to dismiss.

- The deadline for the parties to hold a Rule 26(f) conference is extended until after the court resolves Defendants' motions to dismiss.

- The briefing deadlines for Convisser's renewed motion for a temporary restraining order (Dkt. 37) and motion for leave to conduct early depositions (Dkt. 32) remain extended until after the court resolves Defendants' motions to dismiss.

- The briefing deadlines for Convisser's motion for a protective order (Dkt. 139) and motion in limine (Dkt. 141) are extended until after the court resolves Defendants' motions to dismiss.

- Defendants' renewed motion for a stay (Dkt. 133) is **DENIED**.

The Clerk is directed to forward a copy of this Order to all counsel of record and parties proceeding *pro se*.

    **ENTERED** this 19th day of November, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE