Case 3:24-cv-00072-JHY-CKM    Document 247    Filed 02/06/25    Page 1 of 5
Pageid#: 4150

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
February 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Claude David Convisser | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POP Diesel Africa, Inc., | ) | Civil Action No. 3:24-cv-00072 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Exxon Mobil Corporation *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiffs' motion to set aside a December 19, 2024 order entered by United States Magistrate Judge C. Kailani Memmer, which granted Defendant Julie Marie Convisser's motion to quash subpoenas that Plaintiffs served on several non-parties. For the reasons outlined below, Plaintiffs' motion (Dkt. 224) is **DENIED**.

### I.  Background

Plaintiffs brought this action on September 9, 2024. Their operative complaint names numerous Defendants and alleges claims related to a sweeping business conspiracy, as well as claims related to power-of-attorney, guardianship, and conservatorship arrangements for Plaintiff Claude David Convisser's elderly parents, Martin and Colette Marie Convisser.

(*See* Dkt. 100.) Defendants have filed several different motions to dismiss, and Plaintiffs have filed a motion for leave to amend their complaint. Those motions remain pending.

On two previous occasions, certain Defendants moved to stay all deadlines and proceedings unrelated to the motions to dismiss until the court resolves those motions. The court twice declined to grant a stay, but it did extend the briefing deadlines for some other pending motions. In the November 19, 2024 memorandum opinion and order that denied the second motion for a stay, the court also extended the deadline for the parties to hold a Rule 26(f) conference and found good cause for delaying the issuance of a Rule 16(b) scheduling order until after Defendants' motions to dismiss are resolved. (Dkt. 172 at 8–9.)

On November 12, 2024, shortly before the court extended those deadlines, Plaintiffs filed copies of subpoenas *duces tecum* they had issued to five non-parties, accompanied by proof of service for each.[1] (*See* Dkts. 145–49.) On November 27, 2024, Defendant Julie Michelle Convisser, individually and as Trustee of the Martin Convisser Trust, filed a motion to quash the subpoenas. (Dkt. 182.) She objected to the subpoenas partly on the ground that Plaintiffs had issued them before the parties held a Rule 26(f) conference. (Dkt. 183 at 3.) She further noted that Plaintiffs did not provide copies of the subpoenas to defense counsel prior to their service and argued that the subpoenas sought documents and information that is potentially privileged or irrelevant to the claims alleged in the operative complaint. (*Id.* at 3–4.) In her motion to quash, Julie Convisser also asked the court to sanction Plaintiffs for the costs of litigating the issue. (*Id.* at 5.) Plaintiffs filed a response

---

[1] Plaintiffs explain that they issued the subpoenas after receiving *Roseboro* notices for the motions to dismiss. Those *Roseboro* notices were entered in error, and the court struck them from the docket on November 20, 2024. (Dkt. 176.)

opposing the motion to quash on December 6, 2024. (Dkt. 210.) The same day, they also filed notices of "withdrawal" for four of the five subpoenas. (Dkts. 210-3, 210-4.)

On December 19, 2024, United States Magistrate Judge C. Kailani Memmer entered an order granting the motion to quash. (Dkt. 221.) Judge Memmer concluded that the subpoenas were premature because Plaintiffs issued them before the parties held a Rule 26(f) conference, and no Defendants had agreed that Plaintiffs could conduct early discovery. (*Id.* at 2–3.) Judge Memmer declined to impose sanctions on Plaintiffs. (*Id.*)

On December 27, 2024, Plaintiffs filed this motion objecting to Judge Memmer's order granting the motion to quash. (Dkt. 224.) They ask the court to set aside that order pursuant to Federal Rule of Civil Procedure 72(a) on the grounds that it is contrary to law and clearly erroneous. Julie Convisser filed a response opposing Plaintiffs' motion. (Dkt. 237.)

## II.     Analysis

Federal Rule of Civil Procedure 72(a) permits a party to file objections to a magistrate judge's ruling on non-dispositive matters, such as discovery-related orders, within 14 days of the order. Fed. R. Civ. P. 72(a). Upon receiving a timely objection, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate judge's decisions on questions of law are reviewed under the "contrary to law" standard. *Iovino v. Michael Stapleton Assocs., Ltd.*, No. 5:21-CV-00064, 2022 WL 17581491, at *3 (W.D. Va. Dec. 12, 2022). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting *Norris v. Excel Indus., Inc.*, No. 5:14-CV-00029, 2015 WL 4431022, at *2 (W.D. Va. July 20, 2015)). "In the context of Rule

72(a), this 'contrary to law' standard is equivalent to de novo review." *Id.* (quoting *Clinch Coal. v. U.S. Forest Serv.*, 597 F. Supp. 3d 916, 921 (W.D. Va. 2022)).

In their motion to set aside, Plaintiffs argue that Judge Memmer's order was both contrary to law and clearly erroneous in holding that the subpoenas were premature. The court has reviewed Judge Memmer's order and finds no grounds for setting it aside.

As Judge Memmer noted in the order, Federal Rule of Civil Procedure 45 does not specify when subpoenas may be issued. *See Draper v. U.S. Postal Serv.*, No. 3:18-CV-00009, 2018 WL 2423002, at *2 (W.D. Va. May 29, 2018). But "subpoenas are discovery devices and, as such, are generally subject to the provisions of Federal Rule of Civil Procedure 26(d) governing the start of discovery." *Id.* (collecting cases). Rule 26(d) states that "[a] party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1) (emphasis added). Judge Memmer's order cited and relied on these authorities to hold that Plaintiffs' subpoenas were premature because they were served before the parties held a Rule 26(f) conference. That decision was not contrary to law or clearly erroneous.[2]

Plaintiffs also argue that the court lacked authority to quash the subpoenas because they had withdrawn four of the five subpoenas and the person who received the remaining

---

[2] Plaintiffs fault Defendants for not agreeing to hold a Rule 26(f) conference earlier in the proceedings. Given the number of Defendants, motions, and other filings in this case, any initial delay in holding a Rule 26(f) conference is not a reason to deny the motion to quash. After several Defendants moved to dismiss the original complaint, Plaintiffs amended their complaint and then filed several further attempts to amend. The operative amended complaint identifies 30 Defendants and spans 215 pages. Eleven different motions to dismiss are currently pending, and the proposed amended complaint attached to Plaintiffs' motion for leave to amend has grown to 260 pages. On November 19, 2024, the court extended the deadlines for a Rule 16(b) scheduling order and Rule 26(f) conference to prevent scheduling or discovery disputes from delaying the resolution of Defendants' motions to dismiss and Plaintiffs' motion for leave to amend.

one had already responded to it. Judge Memmer observed that those developments may have mooted the motion to quash but elected to grant the motion "to clarify the record and provide guidance to the parties." (Dkt. 221 at 3 n.1.) That decision, too, was not contrary to law or clearly erroneous. Plaintiffs withdrew the four subpoenas "subject to [them] being re-served at a later date." (Dkts. 210-3, 210-4.) Judge Memmer's order clarifies, correctly, that Plaintiffs may not re-serve those subpoenas before the parties hold a Rule 26(f) conference absent a stipulation by Defendants or a court order.

## IV. Conclusion and Order

Because Judge Memmer's order granting the motion to quash Plaintiffs' subpoenas is not clearly erroneous or contrary to law, Fed. R. Civ. P. 72(a), the court declines to set aside that order. Plaintiffs' motion to set aside (Dkt. 224) is **DENIED**.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record and parties proceeding *pro se*.

ENTERED this __6th__ day of February, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE