UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| CLAUDE DAVID CONVISSER, POP DIESEL AFRICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 3:24-cv-00072 |

### **DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants Julie Convisser, individually and as Trustee of the Martin Convisser Trust, James P. Cox, III, Linden House LLC, Wial LLC, and Cambridge Healthcare Holdings, LLC, (hereafter "Defendants" collectively), by counsel, hereby submit this Reply memorandum in support of their Motion to Dismiss (Dkt. 271):

### **Introduction**

Plaintiffs' opposition to Defendants' Motion to Dismiss is based on a misunderstanding of Rule 12(b)(6), relies on an entity ("Trust Protector") which is not legally cognizable, and misstates prior filings to (again) accuse opposing counsel of misconduct. Coupled with its withdrawal of Count 2 and apparent admission that yet another amendment would be necessary to try and state a claim, Plaintiff's opposition reveals the inherent flaws in the Second Amended Complaint. Defendants therefore ask the Court to dismiss all counts of the Plaintiffs' Second Amended Complaint [Dkt. 261] with prejudice.

## Argument

I. **Plaintiffs' move to withdraw Count 2**

Plaintiffs have recognized that Count 2 is entirely deficient. Defendants agree that it should be dismissed, but request that the Court do so with prejudice for all of the reasons previously expressed in Defendant's memorandum in support of their motion to dismiss. [Dkt. 272]

II. **Count 3 fails, as Plaintiff has still not plead sufficient facts.**

Plaintiffs begin their opposition with an accusation of misconduct and a claim that Defendants are arguing new unsubstantiated factual allegations. Plaintiffs simply fail to recognize that Defendants have moved to dismiss based on the purported facts as pled by Plaintiffs, while at the same time trying to inject his own outside "evidence" into the proceeding.

While it is factually true that Julie Convisser has been appointed under an Advanced Medical Directive, "Defendants are not asking the Court to convert this issue to a request for summary judgment." [Dkt. 272 at 7] Instead, Defendants are accepting Plaintiffs' allegations as true while noting they remain insufficient. The memorandum in support merely highlights the facial deficiencies of the factual allegations pled on the face of the Plaintiffs' Complaint.

Va. Code § 54.1-2986.1 provides that "[n]o person authorized to make decisions for a patient under § 54.1-2986 shall have authority to restrict visitation of the patient." The Complaint fails to allege that any of the Defendants are acting under authority granted by Va. Code § 54.1-2986 (outlining the procedure to appoint an agent for patients deemed incapacitated, in the absence of an advanced medical directive). Plaintiff has not alleged that any Defendant has authority pursuant to § 2986, and therefore § 2986.1 is inapplicable. In essence, by failing to plead that any

defendant is governed by -2986, the Complaint effectively admits that -2986.1 does not apply. [Dkt. 272 at 8].

### III. Count 1 fails, as the "Trust Protector" is not a cognizable legal entity and Plaintiff has failed to plead sufficient facts.

At the outset, "Trust Protector" is not a legally cognizable entity upon which to bring a claim. As noted in the Defendants' memorandum, Plaintiffs' cannot bring a suit against Julie Convisser as a "Trust Protector," only in her individual capacity or in her role as Trustee of the Martin Convisser Trust. Plaintiffs' real complaint here would be against Julie as Trustee of the Martin Convisser Trust, but based upon Plaintiffs' own factual allegations they (a) do not have standing to bring that claim and (b) such a claim would immediately fail (there being no claim against a trustee for using her discretion to retain and protect trust assets).

In sum, Plaintiffs' Count 1 fails on the face of its factual allegations. Plaintiffs allege that "Julie Convisser as Trustee of the Martin Convisser Trust" declined to transfer money from that trust to the Claude Convisser Trust, thereby breaching her contractual duties as "Julie Convisser, Trust Protector." On the face of his own factual allegations, Plaintiff has no standing to bring a suit against Julie Convisser as Trustee of the Martin Convisser Trust; such an action must necessarily come from Family Heritage Trust.[1]

Furthermore, Plaintiff does not so much as **allege** that the Martin Convisser Trust required Julie to transfer the funds, nor does he allege on the face of the Complaint that Julie as "Trust Protector" prevented Family Heritage (as the legal Trustee) from taking action were it otherwise required. The logical conclusion based on the Complaint as pleaded must therefore be that even had Julie resigned as "Trust Protector," the transfers wouldn't have occurred. Plaintiffs

---

[1] Again, such a claim would fail; but regardless, Plaintiffs clearly do not have standing based on their allegations as pleaded.

acknowledge this reality (and therefore an inherent lack of redressable injury) in their own memorandum, "the outcome would have been the same due to [Julie's] control of assets as Trustee of the Martin Convisser Trust." (Dkt. 284 at 11).

## IV. Conclusion

The arguments raised in Plaintiffs' opposition fail to properly address the deficiencies of the Complaint, including a failure to plead sufficient allegations and a failure to allege redressable injury. Plaintiffs' allegations and arguments have no merit, and the Defendants respectfully ask the Court to dismiss the Complaint against the Defendants for its complete failure to state a claim, and award these defendants their costs expended in defending this lawsuit.

Respectfully Submitted,

JULIE CONVISSER, individually and as Trustee of the Martin Convisser Trust<br>
JAMES P. COX, III<br>
LINDEN HOUSE LLC<br>
WIAL LLC<br>
CAMBRIDGE HEALTHCARE<br>
    HOLDINGS, LLC

By Counsel

*/s/ David W. Thomas*
David W. Thomas, Esq. (VSB No. 73700)
Ben M. Gushue, Esq. (VSB No. 100539)
MichieHamlett PLLC
310 4th Street NE, 2nd Floor
Charlottesville, VA 22902
Tel. 434-951-7224
Fax. 434-951-7244
dthomas@michiehamlett.com

{01692479-2}                          4

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of June, 2025, I filed the foregoing via the Court's CM/ECF system, which will send notification of such filing (NEF) to all counsel of record registered to receive electronic pleadings in this case.

                              */s/ David W. Thomas*
                              David W. Thomas, Esq. (VSB No. 73700)