IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CLAUDE DAVID CONVISSER ) | |
| ) | |
| and ) | |
| ) | |
| POP DIESEL AFRICA, INC., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3:24-cv-00072 |
| ) | |
| v. ) | |
| ) | |
| EXXON MOBIL CORPORATION, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO DEFENDANT VICTOR M. GLASBERG'S APPEAL OF THE MAGISTRATE JUDGE'S ORDER GRANTING SANCTIONS AND IN REPLY TO HIS OPPOSITION TO THE PLAINTIFFS' MOTION TO SET ASIDE THAT ORDER**

Plaintiffs Claude David Convisser ("plaintiff Claude Convisser") and POP Diesel Africa, Inc. ("POP Diesel") (together "plaintiffs"), by counsel, pursuant to Rule 72(a) and Rule 11 of the Federal Rules of Civil Procedure, state in consolidated reply and opposition to defendant Victor M. Glasberg's ("Glasberg") "Memorandum in Opposition to Plaintiffs' Motion to Vacate Sanctions Order and Associated Partial Appeal of Said Order," filed June 13, 2025 (Dkt. 292), as follows:

Perhaps not having, before making his filing, read Rule 72(a) of the Federal Rules of Civil Procedure requiring the filing of objections in order to bring an appeal of the Order of U.S. Magistrate Judge C. Kailani Memmer ("the Magistrate Judge") dated June 5, 2025 (Dkt. 286, "Magistrate Judge's Order") granting in part his motion for sanctions, Glasberg does not state any objections to the Magistrate Judge's Order. He simply complains that plaintiffs filed their own merit-worthy objections and moved this District Court to set aside the Magistrate Judge's

1

Order.  "To this extent, Glasberg appeals from the sanctions order which did not include" the relief he now requests for the first time, addressed two paragraphs hence.  Docket No. 292.

Glasberg also complains, "*lest this never end*" (emphasis supplied), forgetting that it was his own ill-conceived motion for sanctions that extended this proceeding with regards to him alone, as he is the only defendant to have moved for sanctions.

For the first time, Glasberg now asks on appeal for relief that he never asked for before: that another attorney, besides Claude Convisser, make the certification he requests be made in any legal action plaintiffs file against him in the future.[1]  In addition to not having read Rule 72(a), Glasberg appears not to have read plaintiffs' opposition to his motion for sanctions (Dkt. 258) and their memorandum in support of their motion to set aside (Dkt. 290), in all of which plaintiffs promised they would not sue Glasberg again, thus rendering his appeal and the Magistrate Judge's Order moot.

That Glasberg has not read plaintiffs' filings opposing his motion for sanctions, or that he has no choice but to ignore their merit, is further evident by the curious fact that he states no grounds other than a vague generality for opposing their motion to set aside.  Docket No. 292. He ignores the 24 pages of plaintiffs' memorandum supporting setting aside (Dkt. 290), just as his reply to plaintiffs' opposition to his motion to dismiss (Dkt. 240) did not respond in any meaningful respect to plaintiffs' argument (Dkt. 239, at 10, *et seq.*) that to justify his conduct

---

[1] Examination of Glasberg's motion for sanctions (Dkt. 250), Exhibit 2 to his motion (Dkt. 251-2) which is the motion he served on plaintiffs in November 2025 but did not file except as an Exhibit, his memorandum in support (Dkt. 251), and his proposed order (Dkt. 250-1) shows that he only asked that a lawyer, which could have included Claude Convisser, make the certification he proposed, which certification the Magistrate Judge denied as not justified.  Both plaintiffs in the opposition memorandum (Dkt. 258) and the Magistrate Judge in her Order misread into Glasberg's proposed sanction the requirement that a lawyer other than Claude Convisser be the one to certify, even though Glasberg himself never requested this, until now.

complained of, he was compelled to violate Rules 4.1(a) and 4.1(b) of the Virginia Rules of Professional Conduct between his answer and motion to dismiss. Ordinarily, such breezy ignorance would be taken as admissions against interest for failure to respond.

In the end, Glasberg's Hail Mary falls short because to impose any sanction, this Court must first determine that Claude Convisser violated Rule 11(b)(2). As plaintiffs already amply set forth (Dkt. 290), in summary, the Magistrate Judge's Order is contrary to law because, in addition to (i) its being moot; (ii) she determined to punish Claude Convisser under Rule 11 in contradiction to Rule 11(c)(4) and (iii) to sanction him for a "history of vexatious litigation" that neither Glasberg's motion, nor her Order, spells out with specificity in contradiction to Rule 11(c)(2); (iv) without specifying any Rules he violated, the relief she adopted of compelling Claude Convisser to read the Federal and Local Civil Rules of Procedure cover-to-cover is not tailored to his confessed shortcoming of experience in drafting pleadings post-<u>Iqbal</u>, which inexperience only more experience or the association of experienced counsel (which poverty prevents at this point) can remedy; (v) this Court's Memorandum Opinion and Order dated March 13, 2025, on which the Magistrate Judge's Order is premised, was mistaken as to law; and the Magistrate Judge's Order was clearly erroneous (vi) in finding lacking plaintiffs' pre-filing inquiry and factual support for their allegations, and; (vii) for other reasons.

For the foregoing reasons, plaintiffs respectfully request that this Court set aside the Magistrate Judge's Order and deny Glasberg's newly requested relief.

                                                  Respectfully submitted,

                                                  CLAUDE DAVID CONVISSER and
                                                  POP DIESEL AFRICA, INC., Plaintiffs,
                                                  by counsel

                                                  _____
                                                  Claude David Convisser,

                                  Attorney at Law
                                  Virginia State Bar No. 33799
                                  P.O. Box 7206
                                  Charlottesville, Virginia 22906
                                  5013 South Louise Ave., # 262
                                  Sioux Falls, South Dakota 57108
                                  Tel. 703-438-0071
                                  cdc@popdiesel.com