CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
November 25, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Claude David Convisser, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POP Diesel Africa, Inc., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3:24-cv-00072 |
| | ) | |
| v. | ) | |
| | ) | |
| Linden House, LLC *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiffs Claude Convisser and POP Diesel Africa, Inc.'s first Rule 60(b) motion for relief from the court's September 1, 2026 order, (Dkt. 321), their second Rule 60(b) motion for relief from the court's September 1, 2026 order, (Dkt. 327), their motion to disqualify the undersigned judge, (Dkt. 329), their motion to consolidate cases, (Dkt. 332), their motion for leave to file a supplemental memorandum in support of their second Rule 60(b) motion and motion to disqualify, (Dkt. 333), their motion to disqualify the Magistrate Judge assigned to this case, (Dkt. 345), their motion to file a reply brief out of time, (Dkt. 347), and their request for a hearing on the above motions, (Dkt. 348), as well as Defendant Exxon Mobil Corporation's ("Exxon") motion to file corrected opposition briefs, (Dkt. 350).

## I. Background

The court assumes familiarity with the factual and procedural history of this case, which are detailed in the court's prior memorandum opinions. (Dkt. 248 at 2–12; Dkt. 301 at 1–4; Dkt. 316 at 1–3.) The court entered final judgment against Plaintiffs on October 15, 2025. (Dkt. 302.) On September 1, 2026, the court issued a memorandum opinion and order denying Plaintiffs' second motion to vacate the judgment and for leave to amend. (Dkt. 316.) Plaintiffs filed a notice of appeal on the next day. (Dkt. 317.) On September 3, 2026, Plaintiffs filed their first Rule 60(b) motion for relief from the court's September 1, 2026 order. (Dkt. 321.) Exxon responded on September 17, 2026, (Dkt. 324), and Plaintiffs replied on September 21, 2026, (Dkt. 325).

On October 14, 2026, Plaintiffs filed a second Rule 60(b) motion for relief from the September 1, 2026 order. (Dkt. 327.) On the same day, Plaintiffs also filed a motion to disqualify the undersigned judge. (Dkt. 329.) On October 23, 2026, Plaintiffs moved to consolidate this case with another closed case in this district, (Dkt. 332), and also moved for leave to file a supplemental memorandum in support of Plaintiffs' second Rule 60(b) motion and the motion to disqualify the undersigned, (Dkt. 333). Exxon opposed both the second Rule 60(b) motion and the motion to disqualify the undersigned on October 28, 2026. (Dkts. 336, 337). Plaintiffs replied to Exxon's opposition to the motion to disqualify on November 4, 2026. (Dkt. 338). Exxon also opposed Plaintiffs' motion for leave to file a supplemental memorandum and the motion for consolidation. (Dkts. 341, 342.) Plaintiffs replied on November 12 and 13, 2026. (Dkts. 343, 344.) On November 16, 2026, Plaintiffs moved to

disqualify the Hon. C. Kailani Memmer, the Magistrate Judge assigned to this case. (Dkt. 345.) Plaintiffs moved to file an untimely reply to Exxon's opposition to the second Rule 60(b) motion on November 17, 2026. (Dkt. 347.) Plaintiffs have also now moved for a hearing. (Dkt. 348.) Exxon moved for leave to file corrected opposition briefs.[1] (Dkt. 350.) Plaintiffs' appeal to the Fourth Circuit has been held in abeyance since November 5, 2026, pending the court's resolution of the Rule 60(b) motions. (Dkt. 340.)

## II. Standard of Review

### A. Disqualification or Recusal of Judge

A federal judge must recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) "deals with the *objective appearance* of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994); *see United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984) ("The standard to be applied is an objective one, to foster not only actual impartiality but also the appearance of impartiality."). That is, recusal is required where "a reasonable person would have a reasonable basis for questioning the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citation omitted). Under § 455(b), a judge must also recuse herself where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," where she "in private practice . . . served as lawyer in the matter in controversy," or where she knows that she "has a financial interest in the subject matter in controversy or

[1] Exxon seeks to replace a single erroneous sentence from each of its three opposition briefs that incorrectly describes Plaintiffs as bringing Count 3 of their amended complaint against Exxon, when in fact Count 3 is not asserted against Exxon. (Def.'s Mem. in Supp. at 2–4 (Dkt. 351).) Given that there is no prejudice to Plaintiffs, who noticed the error and pointed it out, the court will exercise its discretion to grant Exxon's motion to correct its briefs.

in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(1)–(2), (4). A presiding judge is not, however, required to recuse herself simply because of "unsupported, irrational, or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Moreover, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

In the Fourth Circuit, "[t]imeliness is an essential element of a recusal motion. It is explicit in [28 U.S.C.] § 144, which requires a 'timely and sufficient affidavit.' It is judicially implied in [28 U.S.C.] § 455." *United States v. Owens*, 902 F.2d 1154, 1155 (4th Cir. 1990). This requirement exists to prevent inefficiency and delay and also to deter the sort of "wait and see" tactics that enable judge-shopping. *See United States v. Whorley*, 550 F.3d 326, 339 (4th Cir. 2008); *see also United States v. Taggart*, 983 F.2d 1059 (Table), 1993 WL 10876, at *3 (4th Cir. 1993). Accordingly, "motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 915 (4th Cir. 1989). "Recusal motions are untimely when the totality of the circumstances suggests that the movant rested on his or her laurels to 'gather evidence of a judge's possible bias' to see whether 'the proceedings went his way before using the information to seek recusal.'" *United States v. Farkas*, 149 F. Supp. 3d 685, 694 (E.D. Va. 2016) (citing *Sine*, 882 F.2d at 916.).

**B. Rule 60(b) Motion for Relief**

Federal Rule of Procedure 60(b) permits a party to seek relief from a final civil judgment or order for a limited number of reasons. A party who moves for relief under Rule 60(b) first must demonstrate "(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). If the movant makes those threshold showings, they must then satisfy one of the six grounds for relief enumerated in Rule 60(b), which are (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be made within a reasonable time, and motions based on the first three grounds of Rule 60(b) must be made within a year of the judgment or order. Fed. R. Civ. P. 60(c)(1). Rule 60(b) relief is an "extraordinary" remedy that should only be used in "exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

## III. Analysis

**A. Motion to Disqualify**

Plaintiffs have moved to disqualify both the undersigned and the Magistrate Judge assigned to this case. Plaintiffs contend that the undersigned is biased due to alleged connections to two of her prior employers, the University of Virginia and Capital One Bank.

(Pls.' Mem. Supp. Mot. to Disqualify Judge Yoon at 12–13 (Dkt. 330).) Plaintiffs also argue that Magistrate Judge Memmer is biased because she issued an order granting Rule 11 sanctions against Plaintiffs, (Order Granting in Part and Denying in Party Mot. for Sanctions (Dkt. 286)), and because the undersigned referred to Magistrate Judge Memmer as a "buddy" at a public event. (*See* Pls.' Mem. Supp. Mot. to Disqualify Judge Memmer at 1–2 (Dkt. 346).) Plaintiffs' motions are untimely and meritless.

Plaintiffs initiated this action over two years ago, (Compl. (Dkt. 1)), and the court entered final judgment against Plaintiffs over a year ago, (Oct. 15, 2025 Order & Final Judgment (Dkt. 302)). The undersigned's prior employment history has been a matter of public record for the entire pendency of this litigation. Plaintiffs expressly acknowledged the undersigned's prior employment at Capital One Bank at the beginning of this case and declined to move for the undersigned to recuse. (Notice of Possible Conflict at 1–2 (Dkt. 33)) ("[I]n case anyone wishes to raise any grounds concerning Judge Yoon's stewardship of this case, which plaintiffs certainly do not want to do, plaintiffs thought it might be a good idea to flag this issue now, to prevent any disruptions to the case by any party later on.") The totality of the circumstances suggest that Plaintiffs have only brought this motion now, after two years of litigation, because of their desire to obtain a new judge that will rule more favorably for Plaintiffs. *See Farkas*, 149 F. Supp. 3d at 694.

Even if Plaintiffs' motions for disqualification were timely, their allegations do not provide any basis for disqualification. Regarding the University of Virginia, Plaintiffs complain that a separate lawsuit filed by Convisser against the University, among other defendants, was

assigned to a different judge in this district. (Pls.' Mem. Supp. Mot. to Disqualify Judge Yoon at 12–13.) It is unclear why this would require recusal of the undersigned in the present case, given that the University is not a party to this litigation and has no meaningful factual or legal relationship to any of the claims at issue. Convisser's suit against the University involves constitutional claims arising from the University's suspension of Convisser's library access. *See* Compl. ¶¶ 96–131, *Convisser v. S&P Glob. Mkt. Intel., Inc.*, No. 3:26-cv-00090, 2026 WL 2608985 (W.D. Va. Sep. 3, 2026). There is simply no connection to Plaintiffs' present suit, except insofar as Convisser is a plaintiff in both cases and generally relies on law libraries to conduct legal research in his cases.[2]

Plaintiffs merely speculate that there exists some unspecified conflict of interest between the University of Virginia and the undersigned, and that conflict "spills over" into Plaintiffs' present suit. (Pls.' Mem. Supp. Mot. to Disqualify Judge Yoon ¶ 10.) But as Plaintiffs acknowledge, the undersigned's prior employment at the University "did not require recusal from either of the two Cases at Bar," namely Plaintiffs' present suit and Convisser's suit against the University. (Pls.' Reply Supp. Mot. to Disqualify Judge Yoon ¶ 4 (Dkt. 338).) And even if there were a conflict requiring the undersigned's recusal from Convisser's suit against the University, that would have no impact on Plaintiffs' present suit given the lack of any meaningful nexus between this suit and the University of Virginia. For the same reason, all of Plaintiffs' allegations regarding the undersigned's public speaking engagements at the

---

[2] Convisser alleges that the University of Virginia's suspension of his library access was orchestrated by nefarious fossil fuel interests. (*See* Civil Action No. 3:26-cv-00090 Compl. ¶¶ 5, 46(a), 51(c), 54, 58.) Even accepting that as true, it would not create a conflict of interest requiring the undersigned's disqualification in this case.

University of Virginia School of Law and other connections to the University are equally irrelevant. Plaintiffs' allegations of bias with respect to the University of Virginia rest on unsupported speculation and ultimately have no bearing on this case. *See Cherry*, 330 F.3d at 665.

As for Capital One Bank, Plaintiffs have failed to explain how the undersigned's prior employment with Capital One raises any appearance of bias or prejudice on the part of the undersigned. Plaintiffs' main assertion is that in 2023, Convisser apparently received and declined an offer of investment from an individual who worked at Capital One. (Pls.' Mem. Supp. Mot. to Disqualify Judge Yoon ¶ 16.) What this has to do with the undersigned or the undersigned's prior employment is unclear. Plaintiffs offer no substantive reason, beyond mere speculation, as to why the undersigned's prior role with Capital One demonstrates bias or prejudice requiring recusal.

The remainder of Plaintiffs' arguments take issue with the undersigned's characterizations of certain factual allegations in Plaintiffs' complaints or otherwise contest the merits of the undersigned's prior rulings. If Plaintiffs disagree with the rulings that the undersigned has made, those arguments may be pursued in their pending appeal and not in a motion for disqualification. *See Liteky*, 510 U.S. at 555.

Plaintiffs have also filed a motion for leave to file a supplemental memorandum in support of the motion to disqualify the undersigned. Courts have discretion to decide whether to accept or reject supplemental filings to motions. *German Am. Cap. Corp. v. Morehouse*, No. GJH-13-296, 2017 WL 3411941, at *2 (D. Md. Aug. 4, 2017), *aff'd*, 714 F. App'x 286 (4th Cir.

2018); *see also* 5 *Wright & Miller's Federal Practice & Procedure* § 1194 (4th ed. 2026) (indicating that judicial discretion is appropriate in deciding whether to accept amended motions). The court finds that the supplemental filing is untimely as all of the factual allegations and arguments contained in the supplemental memorandum were available and known to Plaintiffs at the time of their initial motion to disqualify. These details include a passing interaction in 2025 at the local soup kitchen where the undersigned offered water to Convisser, additional information about the 2023 investment offer from the Capital One employee, and various complaints about the merits of the undersigned's prior rulings. (Pls.' Suppl. Mem. in Supp. ¶¶ 1–5 (Dkt. 333-1).) Even if the court were to consider the substance of Plaintiffs' supplemental memorandum, none of the additional allegations and arguments detailed therein provide a valid basis for recusal.

Finally, Plaintiffs' motion to disqualify Magistrate Judge Memmer is meritless. Plaintiffs' justification for disqualifying her is that she ruled against Plaintiffs in a Rule 11 sanctions motion and the undersigned once referred to her as a "good buddy" at a public event. (Pls.' Mem. Supp. Mot. to Disqualify Judge Memmer at 1–2.) Adverse rulings are a basis for appeal, not recusal. *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion.'" (quoting *Liteky*, 510 U.S. at 555)). Nor do casual statements of professional friendship with colleagues or even parties and their counsel necessitate recusal. *Cf. Hackett v. United States*, No. CV 23-1068, 2023 WL 12120174, at *2 (D.

Md. Nov. 29, 2023) ("[A]n ordinary 'friendship' or polite acquaintance with an attorney for a party similarly does not call for recusal."); *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer."); *United States v. Siguenza*, Crim. No. 3:05-CR-400FDW6, 2009 WL 1652207, at *1 (W.D.N.C. June 11, 2009) ("A reasonable person would not have a basis for questioning a judge's impartiality because of an attorney's statements that he was friends with the judge and the prosecutor.").

Plaintiffs have not demonstrated any basis for disqualification on the part of the judges assigned to this case. While judges must recuse when there is a legitimate conflict of interest or objective appearance of bias, they are equally obliged to *refrain* from disqualifying themselves when there is no valid basis for recusal. *United States v. Glick*, 946 F.2d 335, 336–37 (4th Cir. 1991). Accordingly, the motions to disqualify the undersigned and Magistrate Judge Memmer will be denied.

**B. Motion to Consolidate**

Plaintiffs request that the court consolidate this case with another case in this district in which Convisser was the plaintiff.[3] "Federal Rule of Procedure 42(a) authorizes the court to consolidate actions that are before the court, but the court lacks power to consolidate actions that are dismissed or pending before other courts." *United States v. North Carolina*, No. 1:13CV861, 2014 WL 12780297, at *1 (M.D.N.C. Apr. 22, 2014).

[3] Plaintiffs' motion refers to Civil Action No. 3:24-cv-00090, but the attached exhibit is the complaint for Civil Action No. 3:26-cv-00090. (*See* Dkts. 332-1, 334-1.) The court assumes the reference to "3:24-cv-00090" is a typo, as that case does not appear to exist.

The court entered final judgment against Plaintiffs and ordered the Clerk to close this case on October 15, 2025. (Dkt. 302.) Convisser's suit against S&P Global Market Intelligence, Inc. and other defendants was dismissed without prejudice and struck from the court's active docket on September 3, 2026. *Convisser*, 2026 WL 2608985, at *6–*7. "[B]ecause that case is closed, there is no basis for consolidation, and the court need not even consider whether consolidation would be proper or appropriate." *Keen v. Harrison*, No. 7:25-CV-00474, 2025 WL 3045254, at *13 (W.D. Va. Oct. 30, 2025); *see also Singletary v. Nationstar Mortg., LLC*, No. TDC-14-3204, 2016 WL 1089419, at *2 n.3 (D. Md. Mar. 21, 2016) ("The Court cannot consolidate this case with one that has been closed.") Furthermore, both cases are pending appeal before the Fourth Circuit. "A district court does not have jurisdiction to consolidate an action before it with an action pending before an appellate court." *Thomas v. Andino*, No. 3:20-CV-01552, 2020 WL 5646083, at *2 (D.S.C. Sept. 22, 2020). Accordingly, the motion to consolidate cases will be denied.

### C. Rule 60(b) Relief from Judgment

Finally, the court will address Plaintiffs' Rule 60(b) motions for relief from the court's September 1, 2026 order denying reconsideration of the judgment.[4]

To begin, Plaintiffs have expressly abandoned their first request for Rule 60(b) relief in their reply brief and instead ask the court for leave to supplement the record in their pending appeal. (Pls.' Reply Supp. 1st 60(b) Mot. ¶¶ 6(d), 14 (Dkt. 325).) Federal Rule of Appellate

[4] The court has jurisdiction to decide Plaintiffs' Rule 60(b) motions. "[W]hen a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion . . . ." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999). Furthermore, the Fourth Circuit has granted a motion to hold Plaintiffs' appeal in abeyance pending the resolution of their Rule 60(b) motions. (Abeyance Order (Dkt. 340).)

Procedure 10(e) permits district courts to correct or modify the record on appeal in two situations: (1) "[i]f any difference arises about whether the record truly discloses what occurred in the district court," and (2) "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(1), (2).

"[T]he purpose of Rule 10(e) is not to allow a district court to add to the record on appeal matters that did not occur there in the course of the proceedings leading to the judgment under review." *Thomas v. Lodge No. 2461, Int'l Ass'n of Machinists & Aerospace Workers*, 348 F. Supp. 2d 708, 710 (E.D. Va. 2004) (quoting *In re Robbins Maritime, Inc.*, 162 F.R.D. 502, 504 (E.D. Va. 1995)). "Importantly, supplementation is permitted only if the 'error or accident' resulted in the omission in the appellate record of material *that was part of the trial record*." *Clehm v. BAE Sys. Ordnance Sys., Inc.*, Civil Action No. 7:16-cv-00012, 2019 WL 181128, at *2 (W.D. Va. Jan. 11, 2019) (emphasis added); *see also* 16A *Wright & Miller's Federal Practice & Procedure* § 3956.4 (5th ed. 2026) ("[O]rdinarily Rule 10(e) should not be used to insert in the record items that are not properly a part of it—such as materials that were not presented to the district court during the litigation that led to the challenged district-court ruling." (footnote omitted)). The clear weight of authority in the Fourth Circuit indicates that district courts should refuse to supplement the appellate record with evidence that was never presented to the court in the course of the proceedings leading to the judgment under review. *See, e.g.*, *Clehm*, 2019 WL 181128, at *2; *United States v. Bridges*, No. 2:12-cr-00022, 2013 WL 3989144, at *2 (W.D. Va. Aug. 2, 2013); *Rohrbough v. Wyeth Lab'ys, Inc.*, 916 F.2d 970, 973–74 n.8 (4th Cir. 1990).

Here, Plaintiffs seek to supplement the appellate record with new exhibits that were never considered or presented to the court prior to the September 1, 2026 order that Plaintiffs seek to appeal. The exhibits include declarations by Convisser regarding "new factual evidence" arising from conversations with individuals at the Haven, a local day shelter, as well as various emails and documents related to the passing of Convisser's mother and the probate of her will. (*See* Pls.' Mem. Supp. 1st 60(b) Mot. ¶ 5 (Dkt. 322); Pls.' 1st 60(b) Supp. Exs. (Dkts. 322-1 to 322-6); Pls.' 1st 60(b) Reply Exs. (Dkts. 325-1 to 325-2).) Plaintiffs repeatedly acknowledge that this material is "newly proffered evidence" that was not previously considered by the court before issuing its September 1, 2026 order. (Pls.' Reply Supp. 1st 60(b) Mot. ¶¶ 5, 11, 11(a)(v), 12(a), 13.) Hence, Rule 10(e) does not permit the court to supplement the record as Plaintiffs request. *Cf. Clehm*, 2019 WL 181128, at *3 ("Here, [plaintiff] seeks to supplement the record on appeal with documents they concede were never presented to the trial court. In other words, [plaintiff's] failure to proffer the . . . documents in question does not constitute an actionable 'error or accident' of the sort contemplated under Rule 10(e)."). Accordingly, the court will deny Plaintiffs' request to supplement the record on appeal. Plaintiffs may renew their request to the Fourth Circuit. *See* Fourth Circuit Loc. R. 10(d) ("Disputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance, although the Court of Appeals has the power, either on motion or of its own accord, to require that the record be corrected or supplemented."). Since Plaintiffs have otherwise expressly withdrawn their first Rule 60(b)

motion for relief, (Pls.' Reply Supp. 1st 60(b) Mot. ¶ 6(d)), the court need not address the merits of the first motion for Rule 60(b) relief and will deny it as moot.

Plaintiffs' second Rule 60(b) motion for relief is essentially coextensive with their motion to disqualify the undersigned. Plaintiffs' motion asks that the undersigned recuse and that another judge reconsider the court's September 1, 2026 order and allow for re-briefing of Plaintiffs' motions for Rule 59(e) relief and for leave to amend. (Pls.' Mem. Supp. 2nd Rule 60(b) Mot. at 3 (Dkt. 328).) Since Plaintiffs have failed to establish any basis for recusal, their second Rule 60(b) motion will also be denied.[5] *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861–64 (1988) (holding that to obtain relief under Rule 60(b) for failure to recuse, a movant must show both that the judge should have recused under 28 U.S.C. § 455 and that the standards of Rule 60(b) have been met).

Since the court has now resolved all of Plaintiffs' outstanding motions, Plaintiffs' request for a hearing is denied as moot. (Dkt. 348.) The parties are advised to promptly notify the Fourth Circuit of the resolution of Plaintiffs' Rule 60 motions pursuant to the Abeyance Order.

## IV. Conclusion and Order

For the reasons stated, Plaintiffs' first motion for relief under Rule 60(b) is **DENIED**. (Dkt. 321.) Plaintiffs' second motion for relief under Rule 60(b) is **DENIED**. (Dkt. 327.)

[5] Plaintiffs moved to file an untimely reply to Exxon's opposition to their second Rule 60(b) motion. (Dkt. 347.) While Plaintiffs represent that the motion is made with Exxon's consent, neither the motion nor the attached exhibits show any evidence of Exxon's consent, such as a signature from Exxon's counsel. Given the apparent lack of opposition or prejudice to Defendants, the court will grant the motion to file the reply out of time. However, even considering Plaintiffs' reply brief, none of Plaintiffs' additional arguments are persuasive.

Plaintiffs' motion to disqualify the undersigned is **DENIED**. (Dkt. 329.) Plaintiffs' motion to consolidate is **DENIED**. (Dkt. 332.) Plaintiffs' motion to file a supplemental memorandum in support of their second Rule 60(b) motion and motion to disqualify is **DENIED**. (Dkt. 333.) Plaintiffs' motion to disqualify the Hon. C. Kailani Memmer is **DENIED**. (Dkt. 345.) Plaintiffs' motion to file a reply out of time is **GRANTED**. (Dkt. 347.) Plaintiffs' request for a hearing is **DENIED**. (Dkt. 348.) Exxon's motion for leave to file corrected opposition briefs is **GRANTED**. (Dkt. 350.)

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Convisser and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 25th day of November, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE